(No. 4492— ▪▪▪)

A. M. KERSHAW, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 10, 1952.*
*Petition of claimant for rehearing denied March 20, 1953.*

HARRY G. STORY, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

The claimant, A. M. Kershaw, filed his complaint herein on January 30, 1952, setting forth three counts, wherein he alleges that on June 19, 1950, June 28, 1951, and for several years prior thereto he was the owner of the following described real estate, to-wit:

West one-half (W.½) of the Southwest one-quarter (S.W.¼) of Section 22; also the Northwest one-quarter (N.W.¼) of the Northwest one-quarter (N.W.¼) of Section 27; also the East one-half (E.½) of the Northeast one-quarter (N.E.¼) of Section 28, all situated in Township 16 North, Range 10 West of the Third Principal Meridian, Morgan County, Illinois, containing 193 acres, more or less.

Through and across a portion of the above described lands in an easterly and westerly direction, there flows a certain stream of water known as Big Indian Creek, which flowed through a natural water course until the respondent constructed a highway bridge, fills and approaches for the bridge along Route No. 78. The bridge by the nature of its construction limits and constricts the free and uninterrupted flow of water of Big Indian Creek, and the opening left for the passage of water is insufficient to permit the normal unimpeded and uninterrupted flow of water from said creek in periods of high water.

Claimant further alleges that, on the occasions above referred to, his lands were flooded, and the impounded water moved off more slowly than normal drainage of surface water did prior to the construction of the bridge and approaches, leaving large bodies of water standing on the crops. That in an attempt to avoid flood conditions, the claimant constructed a levy or dike separating his land, but that despite this added barrier his lands were covered with several feet of water.

On May 13, 1952, respondent filed its motion to dismiss for the reason that the claim is barred by the statutory limitations contained in Par. 439.22, Chap. 37, Ill. Rev. Stat., 1951, alleging that the highway bridge, fills and approaches complained of were all completed more than twenty years prior thereto, the construction of the bridge being completed on August 21, 1929, and the earth fills being completed on December 23, 1929, and the pavement being completed on September 9, 1930, and attached its affidavit thereto.

In the case of *W. Jeff Horney and Frances Parke Horney* vs. *State of Illinois*, 9 C.C.R. 354, this Court has discussed at length the question of liability of the State of Illinois for taking or damaging private property for public use.

The only liability of the State for taking or damaging private property for public use is under Section 13 of Article 2 of the Constitution of Illinois. In all cases upon the constitutional provision that private property shall not be taken or damaged for public use, there can be but one recovery, and such recovery includes all damages resulting from the improvement, past, present or future. A claim for the recovery of damages to private property not taken for public use, alleged to have been caused by reason of construction of public improvement, accrues when the improvement in question is made; and, if claim therefor is not made within two years after the making of same, the claim is barred by the statutory limitations contained in Par. 439.22, Chap. 37, Ill. Rev. Stat., 1951. It appears from the record that the construction described herein was completed more than twenty years prior to the filing of this cause of action. A right of action for damages to private property not taken for public use, but

alleged to have been damaged by reason of the construction of a public improvement, is in the owner of the property at the time of the making of the improvement, and a subsequent alienee of the property takes the same as it existed at the time of the conveyance, and has no right of action for damages resulting from the prior improvement, and accruing after the conveyance.

For the reasons assigned, the motion of respondent to dismiss the complaint of claimant is hereby sustained.